**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Steirer, | No. CV-21-00932-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Lisa Steirer applied for Social Security Disability Insurance ("SSDI") benefits in June 2017. (AR 249-50.) After state agency denials, she appeared before an Administrative Law Judge ("ALJ"), who rejected the application on September 25, 2020. (AR 12-34.) That decision became the final decision of the Commissioner of Social Security Administration ("Commissioner") when the Appeals Council declined to review it on March 5, 2021. (AR 1-6). Plaintiff filed a complaint with this Court on April 22, 2021, seeking review of the denial of benefits. (Doc. 1.) The Court affirms the decision of the ALJ.

**I. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

1    Substantial evidence is relevant evidence that a reasonable person might accept as adequate
2    to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the
3    evidence is susceptible to more than one rational interpretation, one of which supports the
4    ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947,
5    954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported
6    by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r*
7    *of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's
8    decision, the district court reviews only those issues raised by the party challenging the
9    decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

10           To determine whether a claimant is disabled for purposes of the Act, the ALJ
11   follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of
12   proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*
13   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether
14   the claimant is presently engaging in substantial gainful activity. 20 C.F.R.
15   §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe"
16   medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At
17   step three, the ALJ considers whether the claimant's impairment or combination of
18   impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P
19   of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically
20   found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the
21   claimant's residual functional capacity ("RFC") and determines whether the claimant is
22   still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the
23   ALJ proceeds to the fifth and final step, where she determines whether the claimant can
24   perform any other work in the national economy based on the claimant's RFC, age,
25   education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is
26   disabled. *Id.*

27   **II.  Analysis**

28           **A.  Opinions of Drs. Salari and Kahn**

- 2 -

1         Plaintiff's argument goes like this: even though the new regulations changed the

2  way that the ALJ considers medical opinions, the regulations did not abrogate the Ninth

3  Circuit's treating physician rule.  That rule requires an ALJ to "make[] findings setting

4  forth specific, legitimate reasons for [rejecting treating physicians' opinions] that are based

5  on substantial evidence in the record."  *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.

6  1996).  But the Ninth Circuit has ruled that the new regulations displace the treating

7  physician rule.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The new regulations

8  require the ALJ to evaluate all medical opinions the same way: under the new regulations.

9  *Id.*

10        Under the new regulations, before awarding or denying SSDI benefits, the ALJ must

11  "articulate in [his] determination or decision how persuasive [he] finds all of the medical

12  opinions and all of the prior administrative medical findings in [the] case record."  20

13  C.F.R. § 404.1520c(b)(1).  Persuasiveness turns primarily on whether a medical opinion is

14  supported and consistent.  20 C.F.R. § 404.1520c(b)(2).  The ALJ need not consider other

15  factors, such as a medical source's relationship with a claimant, unless the ALJ finds that

16  two or more medical opinions about the same issue are equally well-supported.  20 C.F.R.

17  § 404.1520c(b)(3).  These considerations apply equally to findings by the state agency

18  medical and psychological consultants who review claims at the initial and reconsideration

19  levels of the administrative process.  20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. §

20  404.1513(a)(5).

21        In her opening brief, Plaintiff's argument about medical opinion testimony relied on

22  the treating physician rule.  The Commissioner's response concluded correctly that the

23  treating physician rule does not apply and argued that the ALJ's assessment of medical

24  opinion testimony was supported by substantial evidence.  Plaintiff did not address this

25  argument in reply and instead re-pressed the treating physician rule analysis.  Plaintiff has

26  thus waived any argument under the new regulations as it relates to medical opinion

27  testimony.  *See, e.g.*, *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir.2008).

28        Regardless, the ALJ properly evaluated medical opinion evidence.  After reviewing

1    the entire record, the ALJ explained that neither Dr. Salari's nor Dr. Khan's opinions were

2    supported by the medical record.   For example, Dr. Salari opined that Plaintiff had

3    significant strength and dexterity limitations in her left upper extremity, which the ALJ

4    noted was inconsistent with Dr. Salari's examination findings—and other medical

5    examinations from other physicians—that Plaintiff had normal sensation in her left deltoid,

6    nearly full strength across multiple ranges of motion.   (AR 29-30.)   The same problem

7    appeared for Dr. Kahn's opinion.   His opinion essentially restricted Plaintiff to one-arm

8    work with the right hand with minimal assistance from the upper left extremity; yet his

9    medical examination found only slightly restricted left shoulder range of motion and

10   normal left extremity power.   (AR 31-32.)   Substantial evidence supported the ALJ's

11   evaluation of medical opinion evidence.

12          **B.  Plaintiff's symptom testimony**

13          An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding

14   pain and symptoms.   *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).   First, the

15   ALJ evaluates whether the claimant has presented objective medical evidence of an

16   impairment "which could reasonably be expected to produce the pain or symptoms

17   alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell*

18   *v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)).

19   If the claimant presents such evidence, as she did here, then "the ALJ can reject the

20   claimant's testimony about the severity of her symptoms only by offering specific, clear

21   and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.   In determining

22   credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as

23   considering claimant's reputation for truthfulness and inconsistencies in claimant's

24   testimony" but cannot reject a claimant's testimony solely for "lack of medical evidence."

25   *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

26          The ALJ explained why he did not fully credit Plaintiff's alleged symptom

27   testimony.   First, as noted above, medical examinations included many normal or nearly

28   normal findings of strength and range of motion.   (AR 23-25.)   Second, medical records

1    showed that conservative treatment improved the strength and mobility in her upper

2    extremity as well as decreased pain.  (AR 22-27.)  Finally, Plaintiff's own daily activities,

3    which included an active exercise routine and caring for five dog and a family member,

4    belied her alleged "debilitating upper left extremity pain and hypersensitivity, back pain,

5    and neuropathic pain."  (AR 18, 26.)  The ALJ provided clear and convincing reasons for

6    finding that the record did not support the extent of the nature and severity of Plaintiff's

7    alleged symptoms and functional limitations.

8                          **C.  Vocational Expert hypothetical**

9            Plaintiff argues that the ALJ presented the Vocational Expert ("VE") with

10   hypothetical questions that did not incorporate all of her limitations, an omission which

11   would be error.  *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).  The ALJ asked the

12   VE a hypothetical question that was an accurate representation of Plaintiff's RFC.  (AR

13   Plaintiff argues that the RFC did not encompass all of her restrictions and limitations based

14   on "Plaintiff's credible allegations and limitations assessed by Plaintiff's examining

15   providers[, Drs. Salini and Khan]."  (Doc. 12 at 18.)  But the Court has already concluded

16   that substantial evidence supported the ALJ's evaluation of Plaintiff's testimony and the

17   opinions of her examining providers.  Thus, the VE was presented with a hypothetical that

18   incorporated all of the limitations set out by the RFC, which was supported by substantial

19   evidence.  There was no error.

20           **IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**.  The Clerk is

21   directed to enter judgment accordingly and terminate this case.

22           Dated this 29th day of September, 2022.

23

24

25

26   _____
     Douglas L. Rayes

27   United States District Judge

28

- 5 -